**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. PIERCE DIVISION**

**CASE NO.:**

**EVERETT BUSH,**

 **Plaintiff,**

v.

**AQUA DIMENSIONS PLUMBING SERVICES, INC., A Florida Profit Corporation,**

 **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

 1. Plaintiff, EVERETT BUSH ("Mr. Bush" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**JURISDICTION**

 2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**PARTIES**

 3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in St. Lucie County, Florida.

4. Plaintiff worked for Defendant in St. Lucie County, Florida, and the venue, therefore, for this case is the Ft. Pierce Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) he needed to provide care for his wife who suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; (b) was employed by Defendant for at least 12 months prior to necessitating FMLA leave; and (c) worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise his rights to FMLA leave.

**FACTS**

7. Plaintiff worked for Defendant as a Service Manager from May 9, 2017, until his termination on April 19, 2019.

8. During his tenure, Plaintiff was an excellent employee, whose hard work and professionalism made him a valued contributor.

9. On April 8, 2019, Plaintiff notified Defendant that his wife had a brain tumor, and that Plaintiff was going to necessitate FMLA time away from work to help her care for same.

10. Plaintiff was not offered FMLA leave paperwork or forms to complete, so he took it upon himself to complete same, and handed FMLA forms to Defendant on April 17, 2019.

11. Plaintiff was told that his FMLA was not approved because it was not requested with enough advance notice.

12. When Plaintiff objected to this denial, he was told that another employee had applied for FMLA leave and was denied, and therefore, Plaintiff was being denied as well.

13. Based on the urgency of Plaintiff's wife's medical condition, he notified Defendant that he would need to take the following two (2) days – (April 18-19, 2019) off from work; Plaintiff had multiple vacation days available to him at that time.

14. Plaintiff stayed in communication on the days at which he was not at work, to keep Defendant apprised of his status.

15. On April 19, 2019, and despite the foregoing, Defendant terminated Plaintiff's employment, alleging that Plaintiff was fired for job abandonment.

16. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

17. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave, and objecting to Defendant's misconduct regarding same.

18. Because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for his use of what should have been protected FMLA leave and his objection to Defendant's penalizing him for same, Defendant's actions likewise constitute FMLA retaliation.

19. The timing of Plaintiff's use of what should have been protected FMLA and objections to Defendant's misconduct regarding same, and Defendant's termination of him, alone demonstrates a causal connection between his FMLA leave and these illegal actions taken by Defendant against him.

20.     Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for use of FMLA protected leave and objections to Defendant's misconduct regarding same.

21.     Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## UNLAWFUL INTERFERENCE UNDER THE FMLA

22.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17, and 19-21, above.

23.      At all times relevant hereto, Plaintiff was protected by the FMLA.

24.     At all times relevant hereto, Defendant interfered with Plaintiff based upon Plaintiff's exercise of his FMLA rights.

25.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

26.     As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

27.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21, above.

29. At all times relevant hereto, Defendant retaliated against Plaintiff based upon Plaintiff's exercise of his FMLA rights.

30. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

31. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised his rights to take approved leave pursuant to the FMLA and objected to Defendant's misconduct regarding same.

32. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA and objecting to Defendant's misconduct regarding same, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated this 9th day of May 2019.

                Respectfully Submitted,

                **s/ Noah E. Storch**
                Noah E. Storch, Esq.
                Florida Bar No: 0085476
                Richard D. Guadagnolo, Esq.
                Florida Bar No.109104
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103,
                Davie, FL 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                rich@floridaovertimelawyer.com
                noah@floridaovertimelawyer.com

                Attorney for Plaintiff