UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:19-cv-14163-Rosenberg/Maynard

EVERETT BUSH,

    Plaintiff,

v.

AQUA DIMENSIONS PLUMBING SERVICES,
INC., *dba* Benjamin Franklin Plumbing;
& L28 SERVICES, LLC,
*dba* Benjamin Franklin Plumbing,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss the Amended Complaint (the "Motion"). Mot., DE 24. Plaintiff filed a Response, supported by affidavits at DE 31.

This is a Family Medical Leave Act ("FMLA") case in which Plaintiff alleges he was fired after taking protected family leave to care for his wife, who had a brain tumor. *See* Am. Compl., DE 16. In summary, Defendants' Motion argues that the Amended Complaint should be dismissed, or in the alternative, summary judgment should be granted in Defendants' favor, because Plaintiff was not legally married to his wife at the time he took family medical leave. *See* Mot., DE 24. Because Plaintiff and his wife did not have a marriage recognized by the State of Florida, Defendants argue that they are entitled to dismissal, or summary judgment, because an actionable FMLA claim requires that the Plaintiff take leave in order to care for a "spouse," which is defined by state law. *See id.* at 3-4. In support of their Motion, Defendants filed an affidavit of an employee, Matthew Black, who states that the Plaintiff, Everett Bush, told him

(Black) that he (Bush) was never officially married. *See id.* at 24-1. Defendants also filed letters from the State of Florida Bureau of Vital Statistics, which state that no marriage licenses were filed to show that the Plaintiff was married to his wife between 2016 and 2019. *See id.* at 24-4.

To the extent the Motion was filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Motion is denied. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).

Here, Plaintiff's Amended Complaint clearly alleges that he attempted to utilize FMLA leave to care for his *wife*. *See* Am. Compl., DE 16, ¶¶13, 17. In the context of a Rule 12(b)(6) motion, the Court must accept this allegation, that the woman Plaintiff needed to care for was indeed his wife, as true. Accordingly, the Motion to Dismiss is denied to the extent it is a motion under Rule 12(b)(6).

To the extent the Motion was filed pursuant to Federal Rule of Civil Procedure 12(d)[1] and accordingly, Rule 56, the Motion is also denied without prejudice. First, the Motion, as a

---

[1] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

2

Rule 56 motion, does not comply with: (1) Local Rule 56.1, which requires a statement of facts supported by specific references to the record, and (2) the Court's Trial Order, which specifies that a "statement of material facts shall be a separate filing from a motion for summary judgment." Order, DE 5, 10. The Motion does not include a statement of facts either within the Motion itself, or as a separate filing as required by the Court's Order.

Moreover, even if the Court were to look beyond these technical deficiencies, the briefing makes clear that at this stage, there exists a question of material fact as to whether Plaintiff is legally married to his wife in accordance with the laws of the State of Florida.

Summary judgment is only available when the movant demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

Based on the current record, the Court finds there is a genuine dispute of material fact regarding whether Plaintiff is legally married to his wife. Although Defendants have provided evidence that there are no records of a marriage certificate being filed with the State between 2016 and 2019, *see* DE 24-4, Plaintiff has filed four separate affidavits – by himself, his pastor, and two witness to his wedding – that all assert that Plaintiff did indeed marry his wife in May of 2016, *see* DE 31-1; 31-2; 31-3; 31-4. Plaintiff also attests that he and wife have filed joint tax returns for the past three years. *See* DE 31-1. Plaintiff's pastor attests that Plaintiff obtained a marriage license, he (the pastor) signed it, and the license was mailed back to the State of Florida. *See* DE 31-2. On this record, a jury could find that Plaintiff was indeed married to this wife at the time he attempted to take FMLA-protected leave, and the Court is not permitted to weigh this conflicting evidence. Accordingly, the Motion is denied to the extent it is a motion under Rules 12(d) and 56.

Therefore, it is hereby **ORDERED** and **ADJUDGED** that the Motion to Dismiss, DE 24, is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of August, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record